ment of rent, that there was a disparity between the price claimed to be paid and the value of the property, and no formal settlement, the deed shall be considered a mortgage.

The burden of proof is upon the administratrix to maintain the averments in her amended petition by clear and convincing evidence, and we cannot say that the judgment of the probate court is so manifestly against the weight of the evidence as to require a reversal. We are of the opinion, therefore, that the probate court had jurisdiction and that the judgments of the courts below should be affirmed.

*Judgments affirmed.*

RICHARDS and WILLIAMS, JJ., concur.

---

LUPICO v. THE STATE OF OHIO.

*Intoxicating liquors—Prosecution for possessing still—Control of property determined from facts of each particular case —Defendant must have dominion over property—Possession and control of still established by evidence—Reversals on weight of evidence—Court of Appeals bound by Supreme Court decisions—Criminal judgment must be manifestly against weight as matter of law—Judgment not disturbed although reviewing court's opinion different from trial court's.*

1. Whether defendant, prosecuted for possessing still, had control of property, is to be determined from all testimony and circumstances of each particular case.
2. In prosecution for possessing still, defendant must have some dominion over property arising by reason of possession, or some extrinsic circumstance that gives him right to possession which includes control.

3. Where large still was operated in barn on premises of defendants, and odor arising from manufacture was so obnoxious that innocence of existence would be unreasonable, magistrate was justified in finding that defendant occupying first floor of barn had possession and control of still.

4. Court of Appeals is bound by the decisions of Supreme Court on question of reversing judgment on weight of evidence.

5. Judgment in criminal case cannot be reversed, unless it is clearly and manifestly against weight of evidence, as matter of law, and not as matter of opinion.

6. Judgment in criminal case cannot be disturbed, where there is credible evidence supporting it, though reviewing court has different opinion than trial court.

(Decided March 7, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. B. P. Rabb,* for plaintiff in error.
*Mr. S. C. Glenn,* for defendant in error.

SULLIVAN, P. J. This cause comes into this court on error from the court of common pleas, where the judgment of the magistrate was affirmed, and it appears that the defendant in error was arrested, tried and convicted before the magistrate of having in his possession a still, and with having manufactured the product on a large scale, in violation of the statutes. The defense made is that the court erred in its judgment of conviction on account of the insufficiency of the evidence as to possession, citing authorities from the Courts of Appeals of this and other districts to the effect, that, in order to convict for possession, there must be substantial evidence that the defendant charged has control of the property. There is no question about this

being the law, but, after all, the question is one of fact to be determined from all the testimony and circumstances in each particular case. As a rule, possession includes control, but, according to the holdings, the defendant must have some dominion over the property, arising by reason of possession or some extrinsic circumstance that gives him the right to possession, and therefore the right to control.

In the instant case it appears from the record that the operations were so large that a reasonable conclusion would follow that the defendant was aware at least of the existence and operation of the still, and of the nature of the produce thereof. The property was located in a barn on the premises where the defendant lived, and the stench arising from the manufacture was of such an obnoxious nature that the presence of the still upon the premises asserted itself to such a degree that innocence of its existence would be an unreasonable conclusion. There is credible evidence in the record, although in conflict with other evidence, that the defendant himself used the first floor of the barn to some extent, and this circumstance is of substantial foundation for the belief and conclusion of the magistrate that the defendant had possession and control of the property.

Again, the inadequacy of the explanation which defendant gives, to wit, that he rented the barn to somebody whose name and whereabouts are unknown, adds color to the justice of the judgment below. It seems no effort was made to use the alleged tenant as a witness, or to discover his whereabouts, or to give any other excuse for his occupancy of the upper story of the barn, other

than the assertion that some unknown person paid $10 to him and took possession of the barn on his premises and that such fact is the only one of which he has knowledge.

This court is bound by the decisions of the Supreme Court of Ohio upon the question of reversing a judgment on the weight of the evidence. The doctrine is laid down that a reversal cannot be had unless the judgment is clearly and manifestly against the weight of the evidence, and this must exist as a matter of law, and not as a matter of opinion. In fact, if the reviewing court has a different opinion than the court below, it must still be bound by the rule laid down by the Supreme Court that, where there is credible evidence in accordance with the rules laid down for evidence in criminal cases, the judgment must not be disturbed.

We cite the following authorities as bearing upon this subject:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony." *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340.

"The court should not set aside the verdict upon mere difference of opinion with the jury." *Remington* v. *Harrington,* 8 Ohio, 508.

When the evidence is conflicting a verdict will not be reversed, because the evidence against the verdict is strong. *Higgins* v. *Drucker,* 22 C. C., 112, 12 C. D., 220.

There are many other authorities. This court, in *Gray* v. *Gordon,* affirmed in 96 Ohio St., 490, 117

N. E., 891, has held that "the jury are the triers of fact, and where there is some evidence in the record upon which to support their verdict, a reviewing court will not reverse the judgment as against the weight of the evidence, simply because the court, had they been exercising the functions of a jury, might have arrived at a different conclusion."

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, J., concurs.
VICKERY, J., not participating.